UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA; the States of
CALIFORNIA, COLORADO, CONNECTICUT,
DELAWARE, FLORIDA, GEORGIA, HAWAII,
ILLINOIS, INDIANA, IOWA, LOUISIANA,
MARYLAND, MASSACHUSETTS, MICHIGAN,
MINNESOTA, MONTANA, NEVADA, NEW
HAMPSHIRE, NEW JERSEY, NEW MEXICO,
NEW YORK, NORTH CAROLINA, OKLAHOMA,
RHODE ISLAND, TENNESSE, TEXAS,
VIRGINIA, WASHINGTON, and WISCONSIN; the
DISTRICT OF COLUMBIA, the CITY OF
CHICAGO, and the CITY OF NEW YORK; *ex rel.*,
CHARLES ARNSTEIN AND HOSSAM SENOUSY,

                                 Plaintiffs and Relators,

   -against-                                                                13 Civ. 3702 (CM)

TEVA PHARMACEUTICALS USA, INC., TEVA
NEUROSCIENCE, INC., and TEVA SALES AND
MARKETING, INC.

                                 Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/18

## ORDER REQUIRING PLAINTIFF-RELATORS TO SUBMIT SUPPLEMENTAL BRIEFING

McMahon, C.J.:

Subsequent to this Court's decision in *United States ex rel. Arnstein v. Teva Pharm. USA, Inc.*, No. 13-cv-3702, 2016 WL 750720 (S.D.N.Y. Feb. 22, 2016), the United States Supreme Court decided the case entitled *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016) (*Escobar*). This case overturned long-standing Second Circuit precedent

1

and announced an important new rule for proving cases brought under the federal False Claims Act. *Escobar*, 136 S. Ct. at 2002–04.

Specifically, after noting that "a misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be *material* to the Government's payment decision in order to be actionable under the False Claims Act," *id.* at 2002 (emphasis added), the Supreme Court went on to say that "[t]he materiality standard is demanding," *id.* at 2003. Prior to *Escobar*—at least in this Circuit—a plaintiff could establish materiality for False Claims Act purposes simply by identifying a statute, regulation, or contract provision, compliance with which was a condition of payment by the Government. *United States ex rel. Mikes v. Straus*, 274 F.3d 687, 698 (2d Cir. 2001) (*Mikes*). After *Escobar*, that is no longer the case: a "misrepresentation cannot be deemed material merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment." *Escobar*, 136 S. Ct. at 2003. "[W]hen evaluating materiality under the False Claims Act, the Government's decision to expressly identify a provision as a condition of payment is relevant, but not automatically dispositive." *Id.* "These rules lead us to disagree with the . . . view of materiality . . . that any statutory, regulatory, or contractual violation is material so long as the defendant knows that the Government would be entitled to refuse payment were it aware of the violation." *Id.* at 2004.

Lest there is any doubt, in *United States ex rel. Bishop v. Wells Fargo & Co.*, 870 F.3d 104 (2d Cir. 2017) (*Bishop*), the Second Circuit confirmed that the rule of *Mikes* did not survive *Escobar*. *Bishop*, 870 F.3d at 106. The Second Circuit acknowledged that *Escobar* had removed materiality from the legislative realm and returned it to the judicial realm: "Instead of adopting a circumscribed view of what it means for a claim to be false or fraudulent, concerns about fair

2

notice and open-ended liability can be effectively addressed through strict enforcement of the Act's materiality and scienter requirements." *Id.* at 107 (quoting *Escobar*, 136 S. Ct. at 2002).

What that means is that a *qui tam* plaintiff can no longer rely on a statutory or contractual violation to "prove" materiality. Post-*Escobar*, "proof of materiality can include, but is not necessarily limited to, evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement. Conversely, if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material. Or, if the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material." *Id.* at 2003–04.

Put otherwise, in order to prove materiality, a *qui tam* plaintiff must offer evidence from which materiality can be inferred.

And, as other courts in this Circuit have recognized, *Escobar*'s "day of reckoning will come at summary judgment." *United States ex rel. Gelman v. Donovan*, No. 12-cv-5142, 2017 WL 4280543, at *7 (E.D.N.Y. Sept. 25, 2017).

Here, Defendants have moved for summary judgment on the basis that Plaintiff-Relators have failed to offer any evidence of materiality. (Defs. Br. at 29.) Neither Plaintiff-Relators' Memorandum of Law in Opposition to Summary Judgment nor their Rule 56.1 Counterstatement points this Court to any evidence in the record submitted with their motion that they claim creates a genuine issue of material fact with respect to materiality. The Court has also looked ahead, to Plaintiff-Relators' Proposed Jury Charge, Proposed Joint Pre-Trial Order (including

3

Plaintiff-Relators' factual contentions and order of proof), and Plaintiff-Relators' Proposed Special Verdict Form. In all of these documents, Plaintiff-Relators seem to think that they can rely on the rule of *Mikes* to establish materiality. In fact, Plaintiff-Relators, perplexingly, have expressly disclaimed the need to offer any evidence of materiality, writing that "violations of the [Anti-Kickback Statute] are *per se* material under the FCA." (Rels. Opp. at 29.)

That is no longer a good statement of the law. One would expect experienced counsel to be aware that the rule has been changed by a court whose pronouncements I am not at liberty to ignore.

I could, and probably should, grant the motion for summary judgment on the grounds that Plaintiff-Relators have failed to point the Court to any evidence in support of their assertion of materiality. Relators are not *pro se*; they have counsel, and this Court is not required to do counsel's work, or to save them from the consequences of an error that crosses the line into malpractice.

But, this is not my first rodeo; the record in this case is voluminous, and I know full well that, if I simply grant the motion, Plaintiff-Relators will go to the Court of Appeals and do what they should have done here: scour the record and identify anything they can find that might conceivably bear on the issue of materiality. If the record contains such evidence, the Court of Appeals might decide to overlook counsel's failure to call that evidence to this Court's attention and remand the case for further proceedings. This Court has no interest in revisiting this motion.

Therefore, Plaintiff-Relators have until **FRIDAY, DECEMBER 21, 2018** to submit a supplemental brief in opposition, together with a supplemental Rule 56.1 counterstatement, which must point this Court to evidence of materiality in the existing record, as required by

*Escobar*. There will be no extension of this deadline; this is what counsel should have done in the first place.

Defendants will have until **FRIDAY, JANUARY 4, 2019** to submit a supplemental reply.

Should this Court deny Defendants' motion for summary judgment, Plaintiff-Relators will have **SEVENTY-TWO (72) HOURS** to submit an updated Proposed Joint Pre-Trial Order, Proposed Jury Charge, Proposed Voir Dire Questions, and Proposed Verdict Form. Again, the short deadline will not be extended, because this is what counsel should have done in the first place.

Dated: December 11, 2018

_____
Chief Judge

BY ECF TO ALL PARTIES

5