**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *et al. ex rel.*CHARLES ARNSTEIN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., *et al.*, <br><br> Defendants. | 13 Civ. 3702 (CM) <br><br> **STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND RELATOR** |

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, and relators Charles Arnstein and Hossam Senousy ("Relators" and, together with the United States, the "Parties"), through their counsel;

WHEREAS, on or about, May 31, 2013, Relators filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA"), alleging, *inter alia*, that the defendants violated the FCA when they engaged in fraudulent marketing and sales practices in connection with its drugs Copaxone and Azilect (the "Relator Action");

WHEREAS, on or about November 18, 2014, the United States filed a Notice of Decision to Decline Intervention in the Relator Action;

WHEREAS, on or about December 18, 2019, Relators and the defendants Teva Pharmaceuticals USA, Inc., Teva Neuroscience, Inc., and Teva Sales and Marketing, Inc.

(collectively, "Teva" or "Defendants") entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 2 of the Settlement Agreement, Teva agreed to pay the United States $50,326,490.43 (the "Settlement Amount") to resolve the Relator Action;

WHEREAS, the Relators have asserted that, pursuant to 31 U.S.C. § 3730(d)(l), they are entitled to receive a portion of the Settlement Amount (the "Relators' Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relators' Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1.      Contingent upon receipt by the United States of full payment due to the United States under Paragraph 2 of the Settlement Agreement, the United States will pay Relators, c/o Shepherd Finkelman Miller & Shah, LLP, as attorneys for Relators ("Relators' Counsel"), twenty-nine percent (29%) of the payment of the Settlement Amount received from Teva ($14,594,682.22) in accordance with written instructions provided by Relators' Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount.  The obligation to make the payment to Relators under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount from Teva required by the Settlement Agreement.  In the event that Teva fails to make the payment required by the Settlement Agreement, the United States shall have no obligation to make any payment to Relators.

2.      Relators, for themselves and their heirs, successors, attorneys, agents, and assigns,

agree that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3.      In agreeing to accept payment of the Relators' share set forth in Paragraph 1 above, and upon payment thereof, Relators, for themselves and their heirs, successors, attorneys, agents, and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relator's Action.

4.      This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relators arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5.      The United States and Relators agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator Stipulation is null and void.

6.      This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

7.      This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8.      This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified,

except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

9.     This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10.    This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: _____ 13___, 2020          GEOFFREY S. BERMAN
New York, New York                   United States Attorney
                                     Southern District of New York

                                     By: _____
                                     JESSICA JEAN HU
                                     Assistant United States Attorney
                                     86 Chambers Street, 3rd Floor
                                     New York, NY 10007
                                     Tel: (212) 637-2726
                                     jessica.hu@usdoj.gov

Dated: __Jan 12___, 2020             Attorneys for the Relators

                                     By: _____
                                     JAMES E. MILLER
                                     Shepherd Finkelman Miller & Shah, LLP
                                     65 Main Street
                                     Chester, CT 06412
                                     Tel: (860) 526-1100

Dated: __Jan 9___, 2020

                                     By _____
                                     ERIC L. YOUNG
                                     McEldrew Young

Dated: _____January 7_____, 2020

By: _____
    DAVID J. CAPUTO
    Youman & Caputo, LLC

Dated: _____, 2020

By: _____
    DAVID A. BOCIAN
    Kessler Topaz Meltzer & Check, LLP

Dated: __January 13__, 2020

By: _____
    JOSEPH TRAUTWEIN

Dated: _____, 2020

By: _____
    HEIDI A. WENDEL
    Law Offices of Heidi A. Wendel, PLLC

Dated: _____, 2020

*Relators*

By: _____
    CHARLES ARNSTEIN

Dated: _____, 2020

By: _____
    HOSSAM SENOUSY

SO ORDERED:

Dated:_____

_____
HON. COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

5

Dated: _____, 2020

By: _____
    DAVID J. CAPUTO
    Youman & Caputo, LLC

Dated: January 10, 2020

By: _____
    DAVID A. BOCIAN
    Kessler Topaz Meltzer & Check, LLP

Dated: _____, 2020

By: _____
    JOSEPH TRAUTWEIN

Dated: _____, 2020

By: _____
    HEIDI A. WENDEL
    Law Offices of Heidi A. Wendel, PLLC

    *Relators*

Dated: _____, 2020

By: _____
    CHARLES ARNSTEIN

Dated: _____, 2020

By: _____
    HOSSAM SENOUSY

SO ORDERED:

Dated:_____

    _____
    HON. COLLEEN MCMAHON
    UNITED STATES DISTRICT JUDGE

Dated: _____, 2020

By: DAVID J. CAPUTO
    Youman & Caputo, LLC

Dated: _____, 2020

By: DAVID A. BOCIAN
    Kessler Topaz Meltzer & Check, LLP

Dated: _____, 2020

By: JOSEPH TRAUTWEIN

Dated: _____, 2020

By: HEIDI A. WENDEL
    Law Offices of Heidi A. Wendel, PLLC

Dated: _____, 2020

*Relators*

By: _____
    CHARLES ARNSTEIN

Dated: _____, 2020

By: HOSSAM SENOUSY

SO ORDERED:

Dated: _____

HON. COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

5

Tel: (860) 526-1100

Dated: _____, 2020

By: _____
ERIC L. YOUNG
McEldrew Young

Dated: _____, 2020

By: _____
DAVID J. CAPUTO
Youman & Caputo, LLC

Dated: _____, 2020

By: _____
DAVID A. BOCIAN
Kessler Topaz Meltzer & Check, LLP

Dated: _____, 2020

By: _____
JOSEPH TRAUTWEIN

Dated: _____, 2020

By: _____
HEIDI A. WENDEL
Law Offices of Heidi A. Wendel, PLLC

Dated: January 7, 2020

*Relators*

By: _____
CHARLES ARNSTEIN

Dated: _____, 2020

By: _____
HOSSAM SENOUSY

SO ORDERED:

Dated: _____

_____
HON. COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

5

Tel: (860) 526-1100

Dated: _____, 2020

By: _____
ERIC L. YOUNG
McEldrew Young

Dated: _____, 2020

By: _____
DAVID J. CAPUTO
Youman & Caputo, LLC

Dated: _____, 2020

By: _____
DAVID A. BOCIAN
Kessler Topaz Meltzer & Check, LLP

Dated: _____, 2020

By: _____
JOSEPH TRAUTWEIN

Dated: _____, 2020

By: _____
HEIDI A. WENDEL
Law Offices of Heidi A. Wendel, PLLC

Dated: _____, 2020

*Relators*

By: _____
CHARLES ARNSTEIN

Dated: January 7, 2020

By: _____
HOSSAM SENOUSY

SO ORDERED:

Dated:_____

_____
HON. COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

5